HAYES (SYKES v.). See Case No. 13,709.

---

## Case No. 6,263.

### HAYFORD v. GRIFFITH et al.

[3 Blatchf. 34.][1]

Circuit Court, S. D. New York. Sept. 20, 1853.

ADMIRALTY—APPEAL TO CIRCUIT COURT—SECURITY FOR COSTS—FUNDS BELONGING TO CASE.

1. An appeal from a decree of the district court in admiralty to this court is not regular unless the appellant gives sufficient security to answer the costs in case of affirmance.

2. Such security is necessary to the regularity of the appeal, even though execution has been issued on the decree in the district court, in the absence of the security required to operate as a supersedeas.

3. An appeal to this court from the district court, when regular, brings with it into this court all the funds, if any, belonging to the case; and, in case of an appeal from this court to the supreme court, the funds still remain in this court.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a motion on the part of the appellees, the respondents [Walter S. Griffith and others], to dismiss an appeal taken to this court by the libellant [Charles Hayford] from a decree of the district court dismissing the libel. The ground of the motion was, that the appellant had not given the necessary security on his appeal.

Erastus C. Benedict, for libellant.

Cornelius Van Santvoord, for respondents.

---

[1] [Reprinted from 27 Leg. Int. 67, by permission.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

NELSON, Circuit Justice. This suit was brought in the court below by a seaman to recover his wages. According to the 45th rule of the district court, he was not required to give, in the first instance, before instituting his proceedings, security for the costs that might be awarded against him by the court below, or by this court, on appeal. By that rule, the court, on motion, may, for adequate cause, order the usual stipulation to be given.

The counsel for the appellant supposes that, under the 133d rule of this court, the only consequence of neglecting to give the security is the issuing of execution against his client, the appeal remaining otherwise in full force. That rule provides, that the appellee may move this court to have the decree in the court below carried into effect, subject to judgment of this court or of the supreme court on appeal, upon giving his own stipulation to abide and perform the decree of such courts; and that this court will make such order, unless the appellant shall give security, by the stipulation of himself and competent sureties, for payment of all damages and costs on the appeal in this court, and in the supreme court, in such sums as this court shall direct. And the 153d rule of the district court provides, that, when an appeal shall be entered, the appellant shall, within ten days thereafter, give security for damages and costs; and that, if security shall not be given within that time, the decree may be executed as if there had been no appeal, unless further time be allowed by the court.

Execution has been issued in the district court in this case under the 153d rule, and returned nulla bona, and this is supposed by the counsel for the appellant to be the only penalty for neglecting to give the security. The error of the counsel is in overlooking the acts of congress on the subject. The act of March 3, 1803 (2 Stat. 244, § 2), provides that, from all final decrees in the district courts, where the matter in dispute, exclusive of costs, exceeds the sum of fifty dollars, an appeal shall be allowed to the next circuit court, and that such appeal shall be subject to "the same rules, regulations and restrictions as are prescribed in law in case of writs of error." These rules and regulations are found in the 22d, 23d, and 24th sections of the judiciary act of September 24th, 1789, and in the act amending the same, passed December 12, 1794 (1 Stat. 84, 85, 404). Taking them together, an appellant, in order to make his appeal regular, and entitle himself to a hearing in the court above, must either give good and sufficient security to prosecute the appeal to effect, and answer all damages and costs on affirmance of the decree, or, if he does not wish to supersede execution, sufficient security to answer the costs in case of affirmance. The San Pedro, 2 Wheat. [15 U. S.] 132; Conkl. Adm. c. 12. The rules referred to, both in the district and circuit

courts, were adopted for the purpose of carrying these acts into effect in cases where the appellant has neglected to give the security required to operate as a supersedeas. After the lapse of the ten days, if no security has been given for the damages and costs, provision is made for issuing an execution; but, in the case of an appeal, as in the case of a writ of error to the district court, the appeal is not regular unless security is given at least for the costs. The two, in this respect, stand upon the same footing.

There was a tender in the district court by the respondents, and the money was brought into court to abide the final decree. As we shall dismiss the appeal for irregularity, the appellant can apply to that court for the money. Where the appeal is regular, so as to bring up the case into this court, the funds belonging to the case must be transferred to this court with the papers, as the court below has no longer any control over them; and any discharge by that court or any of its officers, of the persons in whose custody the funds may be, is a nullity. This court, from the time the appeal takes effect, is responsible for the safe keeping of the funds, and for their application in behalf of the party who shall ultimately be found to be entitled to them. The court below has no longer any jurisdiction over the case, or any of its incidents; and it is the duty of the clerk of this court, in cases upon appeal, where there is a fund in the court below, to obtain a transfer of the same, and to inquire into its state and condition, and report the same to this court, in pursuance of the 223d rule of the district court, which has been, with others, adopted as the rule of this court on the subject. See rule 136 of this court.

The practice is different in case of a further appeal from this court to the supreme court. Then, the property or funds, and all other securities given by the parties to abide the final decree, remain in the circuit court, because the supreme court does not execute its own decrees, but sends its mandate to the circuit court. The funds remain where the decree is to be executed.

[See Case No. 6,264.]